**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **PERSONALWEB TECHNOLOGIES, LLC.** §<br>**AND LEVEL 3 COMMUNICATIONS, LLC,** §<br> §<br>**Plaintiff,** §<br> §<br>**vs.** §<br> §<br>**APPLE INC.** §<br> §<br>**Defendant.** §<br>§ | **Civil Action No.**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff PersonalWeb Technologies, LLC ("Plaintiff" or "PersonalWeb") files this Complaint for patent infringement against Defendant Apple Inc. ("Defendant" or "Apple"). Plaintiff PersonalWeb Technologies, LLC alleges:

## PRELIMINARY STATEMENT

1.      PersonalWeb and Level 3 Communications, LLC ("Level 3") are parties to an agreement between Kinetech, Inc. and Digital Island, Inc. dated September 1, 2000 (the "Agreement"). Pursuant to the Agreement, PersonalWeb and Level 3 each own a fifty percent (50%) undivided interest in and to the patents at issue in this action: U.S. Patent Nos. 5,978,791, 6,415,280, 7,802,310, 7,945,539, 7,945,544, and 8,001,096 ("Patents-in-Suit"). Level 3 has joined in this Complaint pursuant to its contractual obligations under the Agreement, at the request of PersonalWeb.

2.      Pursuant to the Agreement, Level 3 has, among other rights, certain defined rights to use, practice, license, sublicense and enforce and/or litigate the Patents-in-Suit in connection with a particular field of use ("Level 3 Exclusive Field"). Pursuant to the Agreement,

PersonalWeb has, among other rights, certain defined rights to use, practice, license, sublicense, enforce and/or litigate the Patents-in-Suit in fields other than the Level 3 Exclusive Field (the "PersonalWeb Patent Field").

3.      All infringement allegations, statements describing PersonalWeb, statements describing any Defendant (or any Defendant's products) and any statements made regarding jurisdiction and venue are made by PersonalWeb alone, and not by Level 3.   PersonalWeb alleges that the infringements at issue in this case all occur within, and are limited to, the PersonalWeb Patent Field.   Accordingly, PersonalWeb has not provided notice to Level 3—under Section 6.4.1 of the Agreement or otherwise—that PersonalWeb desires to bring suit in the Level 3 Exclusive Field in its own name on its own behalf or that PersonalWeb knows or suspects that Defendant is infringing or has infringed any of Level 3's rights in the patents.

### THE PARTIES

4.      Plaintiff PersonalWeb Technologies, LLC is a limited liability company duly organized and existing under the laws of Texas with its principal place of business in Tyler, Texas.

5.      Plaintiff Level 3 Communications, LLC is a limited liability company organized under the laws of Delaware with its principal place of business at 1025 Eldorado Boulevard, Broomfield, CO 80021.

6.      PersonalWeb's infringement claims asserted in this case are asserted by PersonalWeb and all fall outside the Level 3 Exclusive Field.  Level 3 is currently not asserting patent infringement in this case in the Level 3 Exclusive Field against any Defendant.

7.      Defendant Apple Inc. is, upon information and belief, a California corporation with its principal place of business at 1 Infinite Loop, Cupertino, CA 95014.

## JURISDICTION AND VENUE

8.     The court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*

9.     Venue is proper in this federal district pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b) because plaintiff PersonalWeb is a limited liability company incorporated in Smith County, Texas with its principal place of business in Tyler, Texas.

10.     Defendant has done business in this District, have committed acts of infringement in this District, and continue to commit acts of infringement in this District, entitling PersonalWeb to relief.

## PERSONALWEB BACKGROUND

11.     PersonalWeb draws on its proprietary technology to innovate and develop software products, including a social learning platform and digital content management system.

12.     PersonalWeb's software technology enhances the delivery of relevant content by using natural language and semantic analysis.  Utilizing this technology, PersonalWeb has developed a product called StudyPods, which enables students to connect and collaborate online.

13.      PersonalWeb also develops the Global File Registry digital content management system, an online database containing unique identifiers of millions of files collected on behalf of content owners and others.  The registry is capable of identifying files that infringe copyrights and replacing them with other content.

## INFRINGEMENT OF U.S. PATENT NO. 5,978,791

14.     On November 2, 1999, United States Patent No. 5,978,791 (the "'791 patent") was duly and legally issued for an invention entitled "Data Processing System Using Substantially Unique Identifiers to Identify Data Items, Whereby Identical Data Items Have the Same Identifiers."  PersonalWeb has an ownership interest in the '791 patent by assignment, including the exclusive right to enforce the '791 patent within the PersonalWeb Patent Field, and

2382937v1/012790

continues to hold that ownership interest in the '791 patent.  A true and correct copy of the '791 patent is attached hereto as Exhibit A.

15.     Defendant Apple has infringed and continues to infringe the '791 patent by its manufacture, use, sale, importation, and/or offer for sale of its iTunes and iCloud services and any other Apple products or services utilizing Apple's content upload and synchronization system within the PersonalWeb Patent Field and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  Defendant is liable for its infringement of the '791 patent pursuant to 35 U.S.C. § 271.

16.     Defendant's acts of infringement have caused damage to PersonalWeb, and PersonalWeb is entitled to recover from Defendant the damages sustained by PersonalWeb as a result of Defendant's wrongful acts in an amount subject to proof at trial.   Defendant's infringement of PersonalWeb's rights under the '791 patent will continue to damage PersonalWeb, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## INFRINGEMENT OF U.S. PATENT NO. 6,415,280

17.     On July 2, 2002, United States Patent No. 6,415,280 (the "'280 patent") was duly and legally issued for an invention entitled "Identifying and Requesting Data in Network Using Identifiers Which Are Based On Contents of Data."  PersonalWeb has an ownership interest in the '280 patent by assignment, including the exclusive right to enforce the '280 patent within the PersonalWeb Patent Field, and continues to hold that ownership interest in the '280 patent.  A true and correct copy of the '280 patent is attached hereto as Exhibit B.

18.     Defendant has infringed and continues to infringe the '280 patent by its manufacture, use, sale, importation, and/or offer for sale of its iTunes and iCloud services within the PersonalWeb Patent Field utilizing Apple's content upload and synchronization system within the PersonalWeb Patent Field and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  Defendant is liable for its infringement of the '280 patent pursuant to 35 U.S.C. § 271.

19.     Defendant's acts of infringement have caused damage to PersonalWeb, and PersonalWeb is entitled to recover from Defendant the damages sustained by PersonalWeb as a result of Defendant's wrongful acts in an amount subject to proof at trial.   Defendant's infringement of PersonalWeb's rights under the '280 patent will continue to damage PersonalWeb, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

### INFRINGEMENT OF U.S. PATENT NO. 7,802,310

20.     On September 21, 2010, United States Patent No. 7,802,310 (the "'310 patent") was duly and legally issued for an invention entitled "Controlling Access to Data in a Data Processing System."  PersonalWeb has an ownership interest in the '310 patent by assignment, including the exclusive right to enforce the '310 patent within the PersonalWeb Patent Field, and continues to hold that ownership interest in the '310 patent.  A true and correct copy of the '310 patent is attached hereto as Exhibit C.

21.     Defendant has infringed and continues to infringe the '310 patent by its manufacture, use, sale, importation, and/or offer for sale of its iTunes and iCloud services and any other Apple products or services utilizing Apple's content upload and synchronization system within the PersonalWeb Patent Field and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  Defendant is liable for its infringement of the '310 patent pursuant to 35 U.S.C. § 271.

22.     Defendant's acts of infringement have caused damage to PersonalWeb, and PersonalWeb is entitled to recover from Defendant the damages sustained by PersonalWeb as a result of Defendant's wrongful acts in an amount subject to proof at trial.   Defendant's infringement of PersonalWeb's rights under the '310 patent will continue to damage PersonalWeb, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## INFRINGEMENT OF U.S. PATENT NO. 7,945,539

23.     On May 17, 2011, United States Patent No. 7,945,539 (the "'539 patent") was duly and legally issued for an invention entitled "Distributing and Accessing Data in a Data Processing System." PersonalWeb has an ownership interest in the '539 patent by assignment, including the exclusive right to enforce the '539 patent within the PersonalWeb Patent Field, and continues to hold that ownership interest in the '539 patent. A true and correct copy of the '539 patent is attached hereto as Exhibit D.

24.     Defendant has infringed and continues to infringe the '539 patent by its manufacture, use, sale, importation, and/or offer for sale of its iTunes and iCloud services and any other Apple products or services utilizing Apple's content upload and synchronization system within the PersonalWeb Patent Field and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products. Defendant is liable for its infringement of the '539 patent pursuant to 35 U.S.C. § 271.

25.     Defendant's acts of infringement have caused damage to PersonalWeb, and PersonalWeb is entitled to recover from Defendant the damages sustained by PersonalWeb as a result of Defendant's wrongful acts in an amount subject to proof at trial. Defendant's infringement of PersonalWeb's rights under the '539 patent will continue to damage PersonalWeb, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## INFRINGEMENT OF U.S. PATENT NO. 7,945,544

26.     On May 17, 2011, United States Patent No. 7,945,544 (the "'544 patent") was duly and legally issued for an invention entitled "Similarity-Based Access Control of Data in a Data Processing System." PersonalWeb has an ownership interest in the '544 patent by assignment, including the exclusive right to enforce the '544 patent within the PersonalWeb Patent Field, and continues to hold that ownership interest in the '544 patent. A true and correct copy of the '544 patent is attached hereto as Exhibit E.

27.     Defendant has infringed and continues to infringe the '544 patent by its manufacture, use, sale, importation, and/or offer for sale of its iTunes and iCloud services within the PersonalWeb Patent Field and any other Apple products or services utilizing Apple's content upload and synchronization system and its contributing to and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  Defendant is liable for its infringement of the '544 patent pursuant to 35 U.S.C. § 271.

28.     Defendant's acts of infringement have caused damage to PersonalWeb, and PersonalWeb is entitled to recover from Defendant the damages sustained by PersonalWeb as a result of Defendant's wrongful acts in an amount subject to proof at trial.   Defendant's infringement of PersonalWeb's rights under the '544 patent will continue to damage PersonalWeb, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## INFRINGEMENT OF U.S. PATENT NO.  8,001,096

29.     On August 16, 2011, United States Patent No. 8,001,096 (the "'096 patent") was duly and legally issued for an invention entitled "Computer File System Using Content-Dependent File Identifiers."   PersonalWeb has an ownership interest in the '096 patent by assignment, including the exclusive right to enforce the '096 patent within the PersonalWeb Patent Field, and continues to hold that ownership interest in the '096 patent.  A true and correct copy of the '096 patent is attached hereto as Exhibit F.

30.     Defendant has infringed and continues to infringe the '096 patent by its manufacture, use, sale, importation, and/or offer for sale of its iTunes and iCloud services and any other Apple products or services utilizing Apple's content upload and synchronization system within the PersonalWeb Patent Field and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  Defendant is liable for its infringement of the '096 patent pursuant to 35 U.S.C. § 271.

31.     Defendant's acts of infringement have caused damage to PersonalWeb, and PersonalWeb is entitled to recover from Defendant the damages sustained by PersonalWeb as a

result of Defendant's wrongful acts in an amount subject to proof at trial.  Defendant's infringement of PersonalWeb's rights under the '096 patent will continue to damage PersonalWeb, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

32.    PersonalWeb demands a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff PersonalWeb requests entry of judgment in its favor and against Defendant as follows:

a)    Declaration that Defendant has infringed directly, and/or indirectly, U.S. Patent Nos. 5,978,791, 6,415,280, 7,802,310, 7,945,539, 7,945,544, and 8,001,096 as described in this action;

b)    Permanently enjoining Defendant and its respective officers, agents, employees, and those acting in privity with them, from further infringement, contributory infringement and/or inducing infringement of U.S. Patent Nos. 5,978,791, 6,415,280, 7,802,310, 7,945,539, 7,945,544,  and 8,001,096;

c)    Awarding the damages arising out of Defendant's infringement of U.S. Patent Nos. 5,978,791, 6,415,280, 7,802,310, 7,945,539, 7,945,544, and 8,001,096, including enhanced damages pursuant to 35 U.S.C. § 284 together with prejudgment and post-judgment interest, in an amount according to proof;

d)    An award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

e)    For such other costs and further relief as the Court may deem just and proper.

DATED: September 17, 2012           Respectfully submitted,


By:    */s/ Max L. Tribble, Jr.*
          Max L. Tribble, Jr.
          State Bar No. 20213950
          mtribble@susmangodfrey.com
          SUSMAN GODFREY L.L.P.
          1000 Louisiana Street, Suite 5100
          Houston, Texas 77002
          Telephone:  (713) 651-9366
          Facsimile:  (713) 654-6666

          Lead Attorney for Plaintiff
          PersonalWeb Technologies, LLC

Joseph Grinstein
State Bar No. 24002188
jgrinstein@susmangodfrey.com
Ashley L. McMillian
State Bar No. 24070252
amcmillian@susmangodfrey.com
Sandeep Seth
State Bar No. 18043000
sseth@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone:  (713) 651-9366
Facsimile:  (713) 654-6666

Marc M. Seltzer
CA State Bar No. 54534
mseltzer@susmangodfrey.com
Kalpana Srinivasan
CA State Bar No. 237460
ksrinivasan@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1901 Ave of the Stars, Suite 950
Los Angeles, CA 90067

Justin A. Nelson
State Bar No. 24034766
jnelson@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1201 Third Ave, Suite 3800
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile:  (206) 516-3883

Attorneys for Plaintiff
PersonalWeb Technologies, LLC


*/s/ David D. Wier*
David D. Wier, Esq.
David.Wier@Level3.com
Vice President, Patent Counsel
LEVEL 3 COMMUNICATIONS, INC.
1025 Eldorado Boulevard
Broomfield, Colorado 80021

Attorney for Plaintiff
Level 3 Communications, LLC